FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 MAR -2  AM 10: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

EMERSON BROWN and MARGIE ANN BROWN,

    Plaintiffs,

CASE NO.: 5:16-cv-113-Oc-34PRL

-vs-

SANTANDER CONSUMER USA, INC.,

    Defendant.
_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, EMERSON BROWN and MARGIE ANN BROWN, by and through undersigned counsel, and hereby sue the Defendant, SANTANDER CONSUMER USA INC., and in support thereof respectfully alleges the following:

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

### INTRODUCTION

2. The TCPA was enacted to prevent companies like SANTANDER CONSUMER USA, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.   "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.   According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.   This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.   Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiffs reside in this District (Marion County), the phone calls were received in this District, and the Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

10. Plaintiff EMERSON BROWN is a natural person, and citizen of the State of Florida, residing Ocala, Marion County, Florida, and resides in this District.

11. Plaintiff MARGIE ANN BROWN is a natural person, and citizen of the State of Florida, residing in Ocala, Marion County, Florida, and resides in this District.

12. Plaintiff EMERSON BROWN and Plaintiff MARGIE ANN BROWN are husband and wife.

13. Plaintiffs are "consumers" as defined in Florida Statute §559.55(2).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiffs.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant is an Illinois corporation with a principal place of business and/or office for transacting its business located at 1601 Elm Street, Suite 800, Dallas, Texas, 75201 and conducts business in the State of Florida.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, by the Defendant's placing of illegal calls to Plaintiffs while they resided in the State of Florida.

18. Defendant has a Registered Agent in the State of Florida at C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 32334.

19. Defendant, at all material times, was attempting to collect on a debt (hereinafter the "subject account"), which was issued and serviced by Defendant.

20. In approximately April of 2015, Margie Ann Jennings-Faulk (the daughter of Plaintiff MARGIE ANN BROWN), took out a car loan and Plaintiff EMERSON BROWN co-signed on the loan with her.

21. In approximately June of 2015, when Margie Ann Jennings-Faulk failed to make payments on the car loan, Defendant contacted the Plaintiffs via correspondence and phone calls and demanded payment from Plaintiff EMERSON BROWN.

22. Plaintiffs explained to Defendant to contact Margie Ann Jennings-Faulk to collect on the car loan, as it was her vehicle, and they did not have possession of it.

23. In approximately June of 2015, Defendant began bombarding Plaintiffs with debt collection correspondence and harassing telephone calls to Plaintiff EMERSON BROWN's cellular telephone.

24. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiff EMERSON BROWN's cellular telephone number up to three (3) times a day from approximately June of 2015 through the filing of this Complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account. Plaintiffs received approximately 400 telephone calls to Plaintiff EMERSON BROWN's cellular phone from Defendant between June of 2015 through the filing of this Complaint.

25. Upon information and belief, some or all of the calls the Defendant made to Plaintiff EMERSON BROWN's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using

a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they heard a pause before being connected to Defendant's representative.. Based on the frequency of the calls, Plaintiffs believe it to be a predictive dialer or autodialer.

26. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

27. In or about July of 2015, Plaintiffs requested Defendant to stop calling therefore revoking any previously given express consent to be called using an ATDS, Predictive Dialer, pre-recorded message or artificial voice. Plaintiff MARGIE ANN BROWN told the Defendant: "please stop calling, these calls are very disturbing, and my husband is an 86 year old disable veteran. You need to call our daughter, this is her loan." Plaintiff EMERSON BROWN also told the Defendant to "Stop calling."

28. Each of the autodialer calls the Defendant made to Plaintiff EMERSON BROWN's cellular telephone number after approximately July of 2015 were done so after Plaintiffs had revoked consent and without the "express consent" of the Plaintiffs.

29. Plaintiff EMERSON BROWN is the subscriber, regular user and carrier of the cellular telephone number, (352) *** - 3539. Plaintiffs EMERSON BROWN and MARGIE ANN BROWN were the called parties and recipients of Defendant's autodialer calls.

30. The autodialer calls from Defendant came from the telephone number including but not limited to 888-222-4227, and when those numbers are called, an automated voice answers and identifies itself as "Thank you for calling Santander Consumer USA. Please be aware that calls

are monitored and recorded for quality assurance purposes. For English, please press one, para Español, oprima el dos."

31. Despite Plaintiffs informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff EMERSON BROWN's cellular phone continued.

32. The autodialer calls from Defendant continued, on average, three (3) times a day from approximately June of 2015 through the filing of this Complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiffs.

33. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff EMERSON BROWN's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the number.

34. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond approximately July of 2015, when Plaintiffs first advised Defendant to stop calling. While Plaintiffs were not able to keep track of every single call, below is a sampling of the calls that they received from Defendant:

    a. 12/29/2015 at 02:19 p.m. EDT from (888) 222-4227

    b. 12/29/2015 at 04:10 p.m. EDT from (888) 222-4227

    c. 12/30/2015 at 12:06 p.m. EDT from (888) 222-4227

    d. 12/30/2015 at 03:52 p.m. EDT from (888) 222-4227

    e. 01/02/2016 at 02:12 p.m. EDT from (888) 222-4227

    f. 01/04/2016 at 02:57 p.m. EDT from (888) 222-4227

    g. 01/06/2016 at 11:10 a.m. EDT from (888) 222-4227

    h. 01/06/2016 at 07:44 p.m. EDT from (888) 222-4227

    i. 01/07/2016 at 08:36 a.m. EDT from (888) 222-4227

    j. 01/08/2016 at 01:31 p.m. EDT from (888) 222-4227

35. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite the individuals, like Plaintiffs, advising Defendant to stop calling.

36. Defendant's corporate policy provided no means for the Plaintiffs to have the cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiffs.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

38. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

39. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

40. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiffs' cellular telephone.

41. Due to Defendant's constant autodialer calls and demands for payment Plaintiffs have suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

42. Plaintiffs re-allege and incorporate Paragraphs one (1) through forty-one (41) above as if fully stated herein.

43. None of Defendant's autodialer calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

44. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiffs' cellular telephone number after Plaintiffs revoked consent to be called and without Plaintiffs' express consent.

45. The Defendant willfully and/or knowingly violated the TCPA, <u>especially</u> for each of the autodialer calls made to Plaintiffs' cellular telephone after Plaintiffs notified Defendant in or about July of 2015, when Plaintiffs verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact the Plaintiffs, and told Defendant to stop calling the Plaintiffs.

46. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SANTANDER CONSUMER USA INC. for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## <u>COUNT II</u>
### (Violation of the FCCPA)

47. Plaintiffs incorporates Paragraphs one (1) through forty-one (41) above as if fully set forth herein.

48. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

49. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiffs without Plaintiffs' prior express consent and after Plaintiffs informed Defendant to stop calling. Defendant called Plaintiffs almost daily which is a frequency that can be reasonably expected to harass. The calls continue through the filing of this complaint.

50. Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SANTANDER CONSUMER USA INC., for statutory damages, actual damages, punitive damages, attorney fees, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com